IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN BELTRAN, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:16-cv-2072-M-BN |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juan Beltran seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed and remanded.

**Background**

Mr. Beltran alleges that he is disabled as a result of diabetes, neuropathy in his hands and feet, high blood pressure, and visual impairments. *See* Administrative Record [Dkt. No. 13 ("Tr.")] at 49-54, 209. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Mr. Beltran requested a hearing before an administrative law judge ("ALJ"). That hearing was held on October 17, 2014. *See id.* at 43-65. At the time of the hearing, Mr. Beltran was 47 years old. *See id.* at 36. He has a sixth grade education and past work experience as a forklift operator, material handler, construction laborer, wirer/electrician helper, and sheet rock installer. *See id.* at 36-37.

Mr. Beltran has not engaged in substantial gainful activity since August 1, 2013. *See id.* at 32.

The ALJ found that Mr. Beltran was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 37. Although the medical evidence established that Mr. Beltran suffered from diabetes and neuropathy, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 32-33. The ALJ further determined that Mr. Beltran had the residual functional capacity to perform the full range of light work but could not return to his past relevant employment. *See id.* at 33, 36. Given his age, education, and exertional capacity for light work, the ALJ determined that Mr. Beltran was not disabled under the Medical-Vocational Guidelines. *See id.* at 37.

Mr. Beltran appealed that decision to the Appeals Council. The Council affirmed.

Mr. Beltran then filed this action in federal district court. In multiple grounds, Mr. Beltran argues that the ALJ committed reversible error by improperly rejecting his treating physician's opinions, evaluating the severity of his visual impairments, and assessing his residual functional capacity – specifically, by failing to conduct the function-by-function analysis required by SSR 96-8p – and that the ALJ's findings that Mr. Beltran has the RFC to perform the full range of light work and concerning his ability to communicate in English are not supported by substantial evidence.

The Court determines that the hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent

with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the

Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Mr. Beltran, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Mr. Beltran's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Mr. Beltran "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Analysis**

Among the arguments that Mr. Beltran makes is a single ground that compels

remand – the ALJ erred in assigning the opinion of his treating physician, Dr. Sunti Srivathanakul, "little weight" without conducting the detailed analysis required by Section 404.1527(c).[1]

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan*, 38 F.3d at 237. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with … other substantial evidence." *Martinez,* 64 F.3d at 175-76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

But "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Id.* at 455. An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

20 C.F.R. § 404.1527(c)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Mr. Beltran is or should be found disabled.

that the opinion is not entitled to 'controlling weight.'" *Id.* at 455-456 (internal quotations omitted). Specifically, the ALJ must consider:

> (1) the physician's length of treatment of the claimant;
>
> (2) the physician's frequency of examination;
>
> (3) the nature and extent of the treatment relationship;
>
> (4) the support of the physician's opinion afforded by the medical evidence of record;
>
> (5) the consistency of the opinion with the record as a whole; and
>
> (6) the specialization of the treating physician.

*Id.* at 455; 20 C.F.R. § 404.1527(c)(2). But, in decisions construing *Newton v. Apfel*, the United States Court of Appeals for the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

The ALJ acknowledged two forms completed by Mr. Beltran's treating physician, Dr. Srivathanakul: (1) a Medical Release/Physician's Statement dated July 24, 2014 and (2) an Ability for Employment/Residual Functional Capacity and Medical Source Statement of Ability to do Work-Related Activities (Physical) dated October 24, 2013. *See* Tr. at 36. In both, Dr. Srivathanakul stated that Mr. Beltran was permanently

disabled due to diabetes and diabetic neuropathy. *See id.* at 313, 368-371.

The ALJ observed that Dr. Srivathanakul's "statements appear to be based on the claimant's subjective allegations alone" because no supporting evidence was provided to support them, and the ALJ gave Dr. Srivathanakul's opinions "little weight" because they were "unsupported by the medical evidence of record." *Id.* at 34.

The ALJ also stated that Dr. Srivathanakul's statements were "inconsistent with the totality of the medical evidence" previously discussed in his decision, "which offers no indication of a disabling degree of limitation," but he does not cite to a competing opinion from a treating or examining physician *Id.* at 36. Mr. Beltran argues that the ALJ was required to consider the Section 404.1527 factors because he provided no reference to any specific examining physician evidence that supports denying the treating source opinion "controlling weight." *See Sowards v. Colvin*, No. 3:13-cv-4916-BN, 2014 WL 6388428 (N.D. Tex. Nov. 17, 2014).

The evidence "previously discussed" in the ALJ's decision included a physical consultative examination by Kelley Davis, D.O., on October 18, 2013. Dr. Davis reported that Mr. Beltran was in no acute distress, had full grip strength in his hands bilaterally, had full muscle strength in his legs bilaterally, and could use his hands and oppose digits. Dr. Davis also found that Mr. Beltran demonstrated an ability to squat and heel/toe walk, could move about and on and off the examination table without assistance, could use his hands to handle papers and open the door, and walked with a normal gait. Dr. Davis noted no limitations related to Mr. Beltran's legs, feet, hands, and arms. *See id.* at 309-11. According to the ALJ, Dr. Davis's unremarkable physical

examination contrasted significantly with Mr. Beltran's allegations of disabling leg and arm pain/numbness due to diabetic neuropathy. *See id.* at 34.

But Dr. Davis's examination notes do not constitute a "competing medical opinion" that would excuse the ALJ from conducting the detailed analysis that Section 404.1527(c) requires. Dr. Davis tracked Mr. Beltran's symptoms at the moment that he conducted the consultative examination. Dr. Davis was not "called upon to explain how [Mr. Beltran's medical conditions] affected his work-related limitations." *Wilkerson v. Berryhill*, No. 3:16-cv-851-BN, 2017 WL 1091601, at *3 (N.D. Tex. March 23, 2017) (internal quotation and citation omitted); *see also Kneeland v. Berryhill*, 850 F.3d 749, 759 (5th Cir. 2017) ("Dr. Bernauer's opinion meets [the] definition [of a medical opinion] as he examined Kneeland, noted observations from that examination, and opined on her work limitation").

As such, Dr. Davis's notes "cannot be said to have provided a competing opinion." *Wilkerson*, 2017 WL 1091601, at *3. "'[M]edical notes that do not give an opinion on Mr. Beltran's physical limitations in the workplace or what activities he would be able to perform do not controvert the opinion of [Mr. Beltran's] treating physician.'" *Id.* (quoting *Anderson v. Colvin*, No. 3:15-cv-781-BN, 2016 WL 299019, at *6 (N.D. Tex. Jan. 25, 2016) (citing *Jackson v. Astrue*, No. 4:10-cv-150-Y, 2011 WL 816850, at *9 (N.D. Tex. Feb. 15, 2011))).

Accordingly, the ALJ was required to conduct the detailed analysis Section 404.1527(c) requires before rejecting Dr. Srivathanakul's findings.

-9-

"[F]ailure to adhere to the procedures proscribed by the Social Security regulations is generally sufficient grounds for reversal and remand of an administrative decision." *Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 515 (S.D. Tex. 2003) (citing *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987)). But a failure does not necessarily dictate a remand for further review. The Court will affirm a decision if the ALJ's error is harmless and remand if the plaintiff was not prejudiced due to the error. *See id.* A plaintiff establishes prejudice by showing that the ALJ could have reached a different outcome but for the error in question. *Newton*, 209 F.3d at 458.

Here, the ALJ failed to properly consider Dr. Srivathanakul's opinions, which found disabling work-related limitations. As a result, the error is not harmless because, if the ALJ had given more weight to Dr. Srivathanakul's opinions, he may have found Mr. Beltran disabled.

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion .

DATED: September 20, 2017

_____
BARBARA M. G. LYNN
CHIEF JUDGE